# United States Court of Appeals for the Federal Circuit

---

**DOUGHERTY ELECTRIC, INC.**
*Plaintiff-Appellant,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2024-1458, 2024-1838

---

Appeals from the United States Court of Federal Claims in No. 1:20-cv-01254-LAS, Senior Judge Loren A. Smith.

---

## BRIEF OF PLAINTIFF-APPELLANT DOUGHERTY ELECTRIC, INC.

IAN M. COMISKY
*Fox Rothschild LLP*
*2000 Market Street, 20th Floor*
*Philadelphia, PA 19103*
*(215) 299-2795*
*icomisky@foxrothschild.com*

*Counsel for Plaintiff-Appellant*

MATTHEW NIS LEERBERG
*Fox Rothschild LLP*
*434 Fayetteville St., Suite 2800*
*Raleigh, North Carolina 27601*
*(919) 755-8700*
*mleerberg@foxrothschild.com*

*Counsel for Plaintiff-Appellant*

## CERTIFICATE OF INTEREST

Pursuant to Fed. Cir. R. 47.4(a) and Fed. R. App. P. 26, counsel for Plaintiff-Appellant Dougherty Electric, Inc. certifies the following:

1. The full name of every party represented by me is Dougherty Electric, Inc.

2. There are no other real parties in interest represented by me.

3. All parent corporations and any publicly held companies that own 10% or more of the stock of the parties I represent are as follows:

None.

4. The names of all law firms and the partners or associates that appeared for the parties now represented by me in the trial court or that are expected to appear in this court are:

**Fox Rothschild LLP**: Matthew Nis Leerberg and Ian M. Comisky.

5. Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly

affect or be directly affected by this court's decision in the pending appeal:

None.

6. Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees):

Not Applicable.

Dated: August 5, 2024

/s/ Ian M. Comisky
Ian M. Comisky

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... iii

STATEMENT OF RELATED CASES ..... 1

STATEMENT OF JURISDICTION ..... 1

PRELIMINARY STATEMENT ..... 3

STATEMENT OF THE ISSUES ..... 5

STATEMENT OF THE CASE ..... 6

I. Factual Background ..... 6

A. Mr. Dougherty Is Ordered to Pay Criminal Restitution ..... 6

B. The IRS Imposes Civil Penalties on Dougherty Electric Without Complying with Statutory Pre-Requisites ..... 7

C. Dougherty Electric Pays the Penalties Then Files a Claim for a Refund ..... 8

II. Procedural History ..... 12

A. The Government Moves to Dismiss ..... 12

B. The Court Below Orders Supplemental Briefing on the Impact of This Court's Decision in *Brown v. United States* ..... 14

C. The Court Below Dismisses the Case for Lack of Subject-Matter Jurisdiction, But Does Not Reach the Government's Alternative Motion to Dismiss for Failure to State a Claim ..... 15

SUMMARY OF ARGUMENT ..... 17

STANDARD OF REVIEW ..... 19

ARGUMENT ..... 19

I. The Court Below Erred by Dismissing This Case for Lack of Subject-Matter Jurisdiction ........ 19

A. The Subject-Matter Jurisdiction of the Federal Courts Does Not Turn on The Deadline for Filing an Administrative Refund Claim with the IRS ........ 19

B. Any Additional Requirements Added by IRS Regulations Are Not Jurisdictional Either ........ 26

II. Any Alleged Deficiencies in Dougherty Electric's Informal Claim Did Not Represent a "Substantial Variance" ........ 27

A. Dougherty Electric's Claim Was Proper Under the Informal Claim Doctrine ........ 29

B. Dougherty Electric's Claim Was Proper Under the Waiver Doctrine ........ 38

C. Dougherty Electric's Claim Was Proper Under the Germaneness Doctrine ........ 40

D. Dougherty Electric's Claim Was Proper Under the General Claim Doctrine ........ 42

E. Dougherty Electric Is Entitled to Equitable Tolling ... 43

III. The Court Below Should Have Granted Dougherty Electric's Motion to Amend the Judgment to Clean Up the Docket ........ 46

CONCLUSION ........ 47

CERTIFICATE OF COMPLIANCE ........ 49

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*American Radiator & Standard Sanitary Corp. v. United States*,
318 F.2d 915 (Ct. Cl. 1963) ........ 31, 33

*Angelus Milling Co. v. Commissioner*,
325 U.S. 293 (1945) ........ 38, 39

*Boechler, P.C. v. Commissioner*,
__ U.S. __,142 S. Ct. 1493 (2022) ........ 44

*Brown v. United States*,
22 F.4th 1008 (Fed. Cir. 2022) ........ *passim*

*Campo v. United States*,
157 Fed. Cl. 584 (2021) ........ 46

*Computervision Corp. v. United States*,
445 F.3d 1355 (Fed. Cir. 2006) ........ *passim*

*Computervision v. United States*,
445 F.3d 1345 (Fed. Cir. 2006) ........ *passim*

*Dixon v. United States*,
67 F.4th 1156 (Fed. Cir. 2023) ........ *passim*

*Furst v. United States*,
678 F.2d 147 (Ct. Cl. 1982) ........ 29

*Harrow v. United States*,
601 U.S. 480 (2024) ........ 20, 21, 28, 29

*Johnson v. United States*,
127 Fed. Cl. 529 (2016) ........ 36, 37

*Kaffenberger v. United States*,
314 F.3d 944 (8th Cir. 2004) ........ 34

*Lewis v. Rumsfeld*,
154 F. Supp. 2d 56 (D.D.C. 2001) ................................................ 46, 47

*Lexmark International v. Static Control Components, Inc.*,
572 U.S. 118 (2014) ........................................................................ 25

*Loper Bright Enterprises v. Raimondo*,
__ U.S. __, 144 S. Ct. 2244 (2024)................................................ *passim*

*McIntosh v. United States*,
601 U.S. 330 (2024) ........................................................................ 20

*Menominee Indian Tribe of Wisc. v. United States*,
577 U.S. 250 (2016) ................................................................... 44, 45

*Microsoft Corp. v. GeoTag, Inc.*,
817 F.3d 1305 (Fed. Cir. 2016) ...................................................... 19

*Newton v. United States*,
163 F. Supp. 614 (Ct. Cl. 1958) ...................................................... 29

*Night Hawk Leasing Co. v. United States*,
18 F. Supp. 938 (Ct. Cl. 1937) ........................................................ 33

*PALA v. United States*,
234 F.3d 873 (5th Cir. 2000)............................................................ 34

*Parker Hannifin Corp. v. United States*,
71 Fed. Cl. 231 (2006) .............................................................. 41, 42

*Stephens v. Commissioner*,
T.C. Memo. 2024-40 (April 8, 2024) ................................................ 44

*Stephens v. United States*,
884 F.3d 1151 (Fed. Cir. 2018) ...................................................... 37

*Superior Fireplace Co. v. Majestic Prod. Co.*,
270 F.3d 1358 (Fed. Cir. 2001) ...................................................... 46

*Trusted Integration, Inc. v. United States*,
659 F.3d 1159 (Fed. Cir. 2011) ...................................................... 19

*United States v. Commercial Bank of Peoria*,
874 F.2d 1165 (7th Cir. 1989) ........ 34

*United States v. Dalm*,
494 U.S. 596 (1990) ........ 23, 24, 25, 26

*United States v. Kales*,
314 U.S. 186 (1941) ........ 30

*United States v. Memphis Cotton Oil Co.*,
288 U.S. 62 (1933) ........ 35, 41, 42, 43

*Wilkins v. United States*,
598 U.S. 152 (2023) ........ *passim*

**Statutes**

28 U.S.C. § 1295(a)(3) ........ 2

28 U.S.C. § 1331 ........ 20

28 U.S.C. § 1491(a)(1) ........ 1, 19

28 U.S.C. § 2409a(g) ........ 22

I.R.C. § 6511 ........ *passim*

I.R.C. § 6532 ........ 22

I.R.C. § 6653 ........ 36

I.R.C. § 6663 ........ 7, 12, 36

I.R.C. § 6751(b)(1) ........ 7

I.R.C. § 7422 ........ *passim*

**Federal Regulations**

26 C.F.R. § 301.6402–2(b)(1) ........ 30, 38

## Rules

Fed. Cir. R. 47.4(a) ........ 2

Federal Rule of Appellate Procedure 4 (a)(4) ........ 1

Federal Rule of Appellate Procedure 26 ........ 2

Federal Rule of Appellate Procedure. 26.1(b) ........ 3

Federal Rule of Appellate Procedure 32 ........ 49

Federal Rule of Civil Procedure 12(b)(1) ........ 6, 12, 13

Federal Rule of Civil Procedure Rule 12(b)(6) ........ 13, 15

Federal Rule of Civil Procedure Rules 59 and 60 ........ 1

## Other Authorities

Treasury Inspector General for Tax Administration Report Number: 2021-30-033, "Criminal Restitution Assessment Procedures Need Improvement" (Jun. 7, 2021) ........ 8

Report Number: 2012-30-012, "Procedures are Needed to Improve the Accounting and Monitoring of Restitution Payments" (Jan. 2012) ........ 8

U.S.S.G. § 2T1.1 app. n.1 ........ 7

## STATEMENT OF RELATED CASES

This matter has not previously been appealed to this or any other appellate court aside from the two appeals consolidated herein. Counsel for Dougherty Electric, Inc. is unaware of any other pending case in this or any other court or agency that will directly affect or be directly affected by this Court's decision in this pending appeal.

## STATEMENT OF JURISDICTION

The Court of Federal Claims had subject-matter jurisdiction over this suit under 28 U.S.C. § 1491(a)(1). Yet, that court ultimately issued an Opinion on December 4, 2023 holding that it lacked such jurisdiction. A full discussion of the issue appears below. *See infra* Argument § I.

The Court of Federal Claims entered a final judgment in this matter on December 5, 2023. Appx0008. Dougherty Electric, Inc. timely filed a Notice of Appeal on February 1, 2024. Appx0360.

On December 28, 2023, Dougherty Electric, Inc. filed a Motion to Amend the Judgment pursuant to Rules 59 and 60 of the United States Court of Federal Claims. Appx0358. Because the Motion to Amend the Judgment was pending at the time Dougherty Electric, Inc. filed its Notice of Appeal, on February 9, 2024, this Court deactivated the appeal pursuant to Fed. R. App. P. 4(a)(4).

On April 3, 2024, the Court of Federal Claims issued an Order denying the Motion to Amend the Judgment. Appx0009-0010. Dougherty Electric, Inc. thereafter filed a second notice of appeal. Appx0362. This Court consolidated the appeals and set a briefing schedule.

This Court has jurisdiction to decide the appeal under 28 U.S.C. § 1295(a)(3).

## PRELIMINARY STATEMENT

Congress has granted jurisdiction to the Court of Federal Claims to consider tax refund claims. Congress also put in place a handful of formal requirements, including deadlines, to guide the IRS as it processes such claims. The IRS, in turn, added more formal requirements by regulation.

The Supreme Court has recently clarified that nearly all such requirements are mere "claim processing" rules, not jurisdictional bars to enter federal court. Likewise, the IRS itself does not demand perfect compliance with every formality. A taxpayer who timely files a claim can—under a series of equitable doctrines—clean up the claim by untimely amendment later.

That's exactly what happened here. Dougherty Electric timely filed an "informal" refund claim, later amending it and filing formal claims when the IRS asked for them. The IRS didn't reject those claims on a technicality. It had plenty of information to consider the claims on their merits, and it did so. And after the IRS rejected the claims on the merits, Dougherty Electric timely filed this suit, seeking judicial review.

The court below should have allowed the case to reach the merits, just as the IRS did. But the court instead dismissed Dougherty Electric's

claims for lack of subject-matter jurisdiction. That holding is directly contrary to recent precedents from the Supreme Court and this Court. Congress never intended to slam the door on taxpayers for technical deficiencies in their claims. Besides, Dougherty Electric's claim was exactly the kind of informal claim, amended over time, that triggers application of any one of five equitable doctrines allowing review.

The judgment of the court below should be reversed, and this case remanded for further proceedings on the merits of Dougherty Electric's refund claims.

## STATEMENT OF THE ISSUES

1. Statutory deadlines—like limitations periods—are mere non-jurisdictional "claim-processing rules" unless Congress provides a clear statement that the rule is intended to have jurisdictional effect. Here, I.R.C. § 7422(a) provides that no suit for refund may be filed unless preceded by the filing of a refund claim with the IRS. I.R.C. § 6511(a), in turn, requires such refund claims to be filed within certain deadlines. Did the Court of Federal Claims below err by dismissing Dougherty Electric's suit for lack of subject-matter jurisdiction for alleged failure to comply with I.R.C. § 7422(a) and § 6511(a)?

2. Refund claims are subject to a variety of equitable doctrines, including the informal claims doctrine, waiver, germaneness, the general claims doctrine, and equitable tolling. Under these doctrines, claims should not be rejected for technical deficiencies if those failings do not represent a substantial variance from the IRS's preferred formal requirements. Here, Dougherty Electric's timely informal submission put the IRS on notice of its claim and its subsequent amendment and formal claims provided all the

information the IRS needed to reach the merits, which it did. Did the Court of Federal Clams below err by failing to apply the informal claim and other equitable doctrines to relate back the formal to the informal claim?

## STATEMENT OF THE CASE

### I. Factual Background

Because this case was dismissed under Rule 12(b)(1), the relevant facts are those alleged in the complaint.

#### A. Mr. Dougherty Is Ordered to Pay Criminal Restitution

From 2001 to 2005, Donald Dougherty, Jr. was the sole shareholder of Dougherty Electric, Inc. Appx0018. In 2007, Mr. Dougherty was charged with, among other things, seventeen counts of federal tax evasion corresponding to calendar quarters involving the payroll taxes of Dougherty Electric between 2001 and 2005. Appx0018. In 2008, Mr. Dougherty entered a plea of guilty to all personal and entity-level tax evasion counts. Appx0019. As part of his plea agreement, Mr. Dougherty was ordered to pay restitution to the IRS in the amount of $1,633,471.00. Appx0019. The restitution amount consisted of Dougherty Electric's underpayment of federal employment taxes, Mr. Dougherty's

underpayment of personal income taxes, and interest on certain of those amounts. Appx0019.

In accordance with the applicable Sentencing Guideline, Mr. Dougherty's restitution order *did not* include penalties. U.S.S.G. § 2T1.1 app. n.1. Instead, any penalties were required to be assessed separately outside of the criminal tax restitution process.

### B. The IRS Imposes Civil Penalties on Dougherty Electric Without Complying with Statutory Pre-Requisites

On the heels of *Mr. Dougherty's* plea, the IRS conducted a civil audit of *Dougherty Electric's* tax returns covering federal employment taxes for the same seventeen quarters, including the nine calendar quarters at issue here. Appx0019. Under certain circumstances involving fraud, the IRS can impose penalties in addition to the employment taxes due. I.R.C. § 6663.[1] But penalties may not be imposed unless they are approved by an IRS manager first. I.R.C. § 6751(b)(1). Here, the IRS prepared a Form 4666, Summary of Employment Tax Examination and on December 16, 2008, the IRS prepared Forms 4668, Employment Tax Examination

[1] As is customary, citations to Title 26 of the United States Code are presented as "I.R.C."—or Internal Revenue Code—citations.

Changes. But IRS manager penalty approval was not obtained until November 17, 2009. Appx00019-0020.

### C. Dougherty Electric Pays the Penalties Then Files a Claim for a Refund

In 2015, Mr. Dougherty was informed that the remaining criminal restitution due with respect to the payroll counts involving Dougherty Electric was $1,534,504.37. Appx0019. This amount was paid by way of a certified check on December 11, 2015. Appx0020. As with the other payments, they were made through the Justice Department, which was to forward it to the IRS. Appx0020.[2] But at that time, the IRS was uniformly unable to correctly transfer and account for the funds paid by way of restitution.[3]

---

[2] The payment included $400,780 in civil fraud penalties, $628,916 in interest and $133,593 in failure-to-file penalties for Dougherty Electric, among other components. Appx0228-0257. The failure-to-file penalties are not part of the instant action.

[3] *See* Treasury Inspector General for Tax Administration Report Number: 2021-30-033, "Criminal Restitution Assessment Procedures Need Improvement" (Jun. 7, 2021) (further citing 2012 Report Number: 2012-30-012, "Procedures are Needed to Improve the Accounting and Monitoring of Restitution Payments" (Jan. 2012)) (specifically noting that IRS "incorrectly assessed interest and penalties on some restitution-based assessments" and "systems for monitoring defendants' compliance

Dougherty Electric then had two years to seek a refund. I.R.C. § 6511(a). In November 2017, Dougherty Electric retained an accountant to calculate its correct tax liability and the corresponding refund to which it was entitled. Appx0312. The accountant examined Mr. Dougherty's Department of Justice restitution schedule, the IRS's Dougherty Electric payroll account transcripts, and the 2015 check (which did not specify periods) by which Dougherty Electric had satisfied the IRS's demands. Appx0312. But by 2017, Dougherty Electric's accountants still couldn't figure out how the IRS had reached the $1,534,504.37 final payment number, or which amounts were attributable to which payroll years and quarters.[4] Appx0312.

---

with conditions of probation and restitution were neither effective nor reliable . . . .").

[4] The application of funds as shown in the restitution schedule differed from the IRS account transcripts for Dougherty Electric for all relevant time periods. *Compare* Restitution Summary at 4 (December 11, 2015, 2003/12 $108,863) *with* IRS Account Transcript (Misc. Payment 2003/12 $308,632) *with* Complaint ¶ 14, 2003/12 $101,406; Restitution Summary at 5 (December 11, 2015, no allocation to 2005/09) with IRS Account Transcript (Misc. Payment 2005/09, $123,056.48) *with* Complaint ¶ 14 (2005/09, $69,457).

With time running out, Dougherty Electric filed a timely document that it styled as a "Protective Claim for Refund" on December 7, 2017. Appx0021; Appx0038. The claim sought a refund of the full amount paid of $1,534,504.37 (plus ongoing interest), stating that the payment was made in connection with a restitution-based assessment including fraud penalties. Appx0038. The claim stated the exact amount that Dougherty Electric had already paid. Appx0038.

Dougherty Electric then filed a "Modified Protective Claim for Refund" on April 10, 2018. Appx0022; Appx0043. The modified claim was similar to the original claim, but now identified the years involved and explained further why the civil fraud penalty assessments violated IRS procedures. Appx0043.

The IRS did not deny the protective claims as insufficient, but instead sent letters to Dougherty Electric seeking additional information on June 19, 2018. Appx0213-0218. On their face, the letters correctly identified the proper tax years in question. Appx0213-0218. The letters also asked Dougherty Electric to formalize its claims by filing a "Form 843"—"Claim for Refund and Request for Abatement"—for each of the nine quarters. Appx0213-0218. By August 2018, Dougherty Electric's

accountant had obtained additional information from the IRS, making sense of how the IRS calculated and attributed Dougherty Electric's tax liability. Appx0313. As a result, Dougherty Electric was able to prepare and attach a schedule to its formal claims specifying the fraud penalties and interest for which a refund was sought—a subset of the $1.5 million total paid earlier. Appx0313. Dougherty Electric then filed the Forms 843 as requested. Appx0023.

On September 18, 2018, the IRS rejected all of Dougherty Electric's refund claims after considering them on their merits. Appx0023. Dougherty Electric timely filed this suit in the Court of Federal Claims for the nine quarters involved. Appx0019.

The government filed a motion to dismiss for lack of subject matter jurisdiction. Appx0131. Attached as an exhibit was a document that revealed that the IRS had sufficient information all along to identify the years and tax periods at issue in Dougherty Electric's informal and formal refund claims. Appx0220-0224. The key document was a "Restitution Information Sheet" dated March 18, 2009. Appx0220-0224. This document, from the IRS Criminal Investigation Division Special Agent, listed the amount that Mr. Dougherty on behalf of Dougherty

Electric paid by year and by quarter and the interest involved. Appx0220-0224. From this Restitution Information Sheet, one can easily compute the maximum I.R.C. § 6663 penalties, which are simply 75% of each quarterly payment amount.

In short, Dougherty Electric provided as much information as it had at the time it filed its informal claims, while the IRS had complete information the whole time. And when Dougherty Electric later obtained the information to identify the years and quarters, it promptly provided it in the Forms 843, which were duly considered by the IRS before this suit was filed.

## II. Procedural History

On September 23, 2020, Dougherty Electric initiated this action by filing a complaint with the United States Court of Federal Claims seeking a refund for the penalties (and corresponding interest) paid for the nine quarters in question. Appx0017.

### A. The Government Moves to Dismiss

On June 21, 2021, the government moved to dismiss the complaint on two grounds. Appx0131. First, the government moved under Rule 12(b)(1), arguing that the court below lacked subject-matter jurisdiction

to consider Dougherty Electric's complaint because its refund claim was supposedly filed too late with the IRS. Appx0143-0151. Alternatively, the government moved under Rule 12(b)(6), arguing that Dougherty Electric's complaint failed to state a claim because the IRS had the right to collect penalties and interest in addition to the amounts due under the restitution order. Appx0152-0157.[5] Dougherty Electric opposed the motion on both fronts. As relevant here to the Rule 12(b)(1) motion, Dougherty Electric argued that the court had subject-matter jurisdiction regardless of the timing of its filings, *and* that the variance doctrines set forth in *Computervision v. United States,* 445 F.3d 1345 (Fed. Cir. 2006)—including the informal claims doctrine—bestowed jurisdiction on the court even if the formal claims were filed out of time.

In its *reply* brief in support of its motion to dismiss, the government cited new authority for the proposition that a timely informal claim is only sufficient if it identifies the tax years for which a refund is sought.

---

[5] Among other arguments, the IRS contended that the payment check indicated years and quarters and that, therefore, there was no reason not to provide that information on the original refund claim. The IRS is mistaken. Dougherty Electric submitted a declaration from the preparing accountant that there were no such year or quarter designations on the payment check. Appx0312-0313.

Dougherty Electric moved for leave to respond to that new authority by way of sur-reply. Appx0289. Its proposed sur-reply included evidence showing that the data available to Dougherty Electric was insufficient initially to identify the years, quarters, and amounts, and cited authority supporting the informal claims when the years involved were not initially identified and discussing other variance doctrines. Appx0289-0304. The government opposed the motion for leave. Appx0013. The court below held oral argument via teleconference on the motion on December 15, 2021 where the contents of the sur-reply were discussed, but never entered a written order granting or denying the motion for leave to file a sur-reply. Appx0013.

### B. The Court Below Orders Supplemental Briefing on the Impact of This Court's Decision in *Brown v. United States*

Before the court below could rule on the government's motion to dismiss, this Court issued its decision in *Brown v. United States*, 22 F.4th 1008 (Fed. Cir. 2022), analyzing the circumstances in which filing deadlines for refunds in the Internal Revenue Code are "jurisdictional" and when they are merely "claim-processing rules." The court ordered supplemental briefing on the impact of *Brown* on the government's

pending motion to dismiss. Appx0341. The parties complied. Appx0014-0015.

Among other things, Dougherty Electric argued that *Brown* showed that the government here had waived its right to demand strict compliance with regulatory requirements governing refund claims. The government, for its part, argued that *Brown* was wrongly decided and should not be followed, despite being controlling law. Dougherty Electric replied and the Court held a second argument on June 8, 2023. Appx0342.

### C. The Court Below Dismisses the Case for Lack of Subject-Matter Jurisdiction, But Does Not Reach the Government's Alternative Motion to Dismiss for Failure to State a Claim

On December 4, 2023, the court below entered an order dismissing the case for lack of subject-matter jurisdiction. Appx0001-0007. The court noted that it "need not"—and did not—"address defendant's other arguments," including its motion to dismiss under Rule 12(b)(6). Appx0004.

First, the court held that failure to file a refund claim with the IRS within the prescribed time deprives *the federal court* of subject-matter jurisdiction to consider the claim. Appx0004-0005. The court relied

primarily on a single sentence from *Dixon v. United States*, 67 F.4th 1156 (Fed. Cir. 2023), but failed to discuss that decision's directive on how to analyze questions of subject-matter jurisdiction, *id.* at 1160-11 & n.3.

Second, the court held that the filing of the formal claims did not "relate back" to the filing of the informal claim, which undisputedly *was* filed within the limitations period. Appx0005-0007. In support of that holding, the court credited the government's proffered argument that the IRS had no idea what tax years Dougherty Electric's informal claim was referencing, even though the government's motion to dismiss showed otherwise. Appx0005-0006. The court overlooked *Dixon*'s explanation of how later-filed formal claims relate back to a timely filed informal claim. And the court rejected the other variance doctrines out of hand, holding that they all required the filing of a timely formal claim. Appx0006-0007.

After judgment was entered dismissing the case on December 4, 2023, Dougherty Electric timely moved to amend the judgment on December 28, 2023. Appx0358. Dougherty Electric asked for limited relief—entry of a written order cleaning up the docket to show that its years-old motion for leave to file a sur-reply had been granted. Appx0358. The court denied the motion. Appx0009.

Dougherty Electric timely filed a notice of appeal from the judgment and from the order denying its motion to amend the judgment. Appx0360-0363. Those two appeals were consolidated by this Court.

## SUMMARY OF ARGUMENT

The court below wrongly dismissed Dougherty Electric's complaint for lack of jurisdiction. As the Supreme Court and this Court have recently clarified, most statutory deadlines are non-jurisdictional claim-processing rules, with no effect on the subject-matter jurisdiction of the federal courts. The statutes governing tax refunds are no exception, and lack any "clear statement" by Congress that they were intended to divest the federal courts of jurisdiction Congress had already bestowed elsewhere. That alone is sufficient for reversal.

Next, the court below examined the "substantial variance doctrine"—a collection of equitable bases for excusing technical deficiencies in taxpayer refund claims. The court again assumed these doctrines were of jurisdictional import, which is likewise incorrect for the same reasons. To the extent the doctrines have continuing relevance, they require the IRS to process refund claims on their merits when the alleged deficiencies do not impede those efforts. Here, Dougherty Electric

has shown that each of five different, but related, equitable doctrines remedied any formal deficiencies in its claims: (1) informal claim; (2) waiver; (3) germaneness; (4) general claim; and, as a result of recent authority relating to subject matter jurisdiction, (5) equitable tolling. In short, Dougherty Electric timely filed an informal claim with the information it had at the time, then provided more information soon thereafter as it became available, including filing formal claims as requested by the IRS. The IRS did not reject the claims for any formal deficiency, but rather considered them on their merits, waiving any such formal noncompliance. Therefore, there is no basis for the federal courts not to likewise reach the merits of Dougherty Electric's refund claims.

Finally, Dougherty Electric asked the court below to "clean up" the docket to reflect that its motion for leave to file a sur-reply had been granted. The court refused, leaving that motion open on the docket. That too was error.

The decision of the court below should be reversed and this case remanded for further proceedings on its merits.

## STANDARD OF REVIEW

"This court reviews a grant or denial of a motion to dismiss for lack of subject matter jurisdiction de novo." *Microsoft Corp. v. GeoTag, Inc.*, 817 F.3d 1305, 1311 (Fed. Cir. 2016). In doing so, this Court "must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

## ARGUMENT

### I. The Court Below Erred by Dismissing This Case for Lack of Subject-Matter Jurisdiction

#### A. The Subject-Matter Jurisdiction of the Federal Courts Does Not Turn on The Deadline for Filing an Administrative Refund Claim with the IRS

The judicial power of the federal courts extends to all cases arising under the laws of the United States. U.S. Const. Art. III, Sec. 2, Clause 1. The United States Court of Federal Claims, in turn, has jurisdiction to render judgment upon *any* claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department." 28 U.S.C. § 1491(a)(1) (emphasis added).

This case involves a "claim against the United States founded upon . . . an[] Act of Congress." *Id.* Therefore, barring a specific statute divesting the Court of Federal Claims of jurisdiction over cases like this one, the Court had subject-matter jurisdiction to consider it.

It is certainly possible for Congress to pull back a slice of the jurisdiction granted in section 1491 (or its district-court counterpart, 28 U.S.C. § 1331). But to do so, as the Supreme Court has clarified in recent years, Congress must include a "clear statement" in the statute indicating that it intends to deprive the federal courts of subject-matter jurisdiction. Thus, courts should "treat a procedural requirement as jurisdictional only if Congress 'clearly states' that it is." *Wilkins v. United States*, 598 U.S. 152, 157 (2023). This "demand for a clear statement erects a 'high bar.'" *Harrow v. United States*, 601 U.S. 480, 484 (2024).

"[M]undane statute-of-limitations language" requiring a claim to be filed within a particular time, in contrast, does not deprive the federal courts of jurisdiction. *Wilkins*, 598 U.S. at 159. Such requirements are instead mere "nonjurisdictional claim-processing rules, which seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Id.* at 157. For

these reasons, "[j]urisdictional deadlines are rare." *McIntosh v. United States*, 601 U.S. 330, 337 (2024); *Harrow*, 601 U.S. at 484 (procedural rules count as "jurisdictional" only in "a small set of cases").

Nothing in the tax refund statutes includes a "clear statement" that Congress intended any rules or deadlines to be jurisdictional.

The statutory framework begins with the general administrative exhaustion requirement of I.R.C. § 7422(a):

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

I.R.C. § 7422(a). Other statutes flesh out what it means for a claim to have been "duly filed with the Secretary, according to the provisions of law in that regard." *Id.* As relevant here, I.R.C. § 6511 states:

> (a) Period of limitation on filing claim.--Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the

> time the tax was paid, whichever of such periods expires the later . . . .

I.R.C. § 6511(a).[6]

Neither statute contains the word "jurisdiction" nor includes any other "clear statement" that Congress intended the timing requirements to override Section 1491 and deprive the federal courts of subject-matter jurisdiction. Instead, the statutes contain exactly the kind of "mundane statute-of-limitations language" that indicates a non-jurisdictional claim-processing rule. *See Wilkins*, 598 U.S. at 159.

In fact, the language here is even weaker than the claim-processing language examined in *Wilkins*. There, the Supreme Court considered a statute providing that "[a]ny civil action under this section . . . shall be barred unless it is commenced within twelve years of the date upon which it accrued." 28 U.S.C. § 2409a(g). Here, the statutory language imposes an *administrative* time requirement on when a claim *must be submitted to the IRS*. In other words, Section 6511 does not even purport to address

---

[6] There are other requirements elsewhere in the Code. For instance, a refund lawsuit must be filed within certain time periods after the administrative claim. I.R.C. § 6532. It is undisputed that Dougherty Electric met those deadlines.

the federal courts at all. And the statute that *does* mention federal suits—I.R.C. § 7422(a)—contains no deadlines whatsoever.

Nevertheless, the court below found these statutes to carry jurisdictional significance. Yet, the court never performed its own analysis. Instead, it relied entirely on one sentence from this Court's decision in *Dixon*: "The Supreme Court has ruled that failure to file with the IRS within the prescribed time deprives the court of 'jurisdiction over [the] suit for refund.'" Appx0005 (quoting *Dixon*, 67 F.4th at 1161, which in turn quoted *United States v. Dalm*, 494 U.S. 596, 608-10 (1990)). That was error.

It is true that the *Dalm* decision loosely referred to administrative-exhaustion requirement of I.R.C. § 7422(a) as being "jurisdictional." But "[j]urisdiction . . . is a word of many, too many, meanings." *Wilkins*, 598 U.S. at 156. And "the mere fact that [the Supreme] Court previously described something 'without elaboration' as jurisdictional therefore does not end the inquiry." *Id.* at 159 (quoting *Henderson v. Shinseki*, 562 U.S. 428, 437 (2011)). Instead, the question is whether "the prior decision addressed whether a provision is technically jurisdictional—whether it truly operates as a limit on a court's subject-matter jurisdiction—and

whether anything in the decision turned on that characterization." *Id.* (cleaned up). "If a decision simply states that the court is dismissing for lack of jurisdiction when some threshold fact has not been established, it is understood as a drive-by jurisdictional ruling that receives no precedential effect." *Id.* (cleaned up).

Nothing in *Dalm* turned on the distinction between *subject-matter* jurisdiction and the "jurisdiction" necessary to consider a claim that failed to satisfy a claim-processing rule. Thus, under *Wilkins*, *Dalm*'s "drive-by jurisdictional ruling" should receive "no precedential effect."

This Court's precedents—including *Brown* and *Dixon*—provide further support for this conclusion. In this Court's 2022 decision in *Brown*, the Court of Federal Claims had dismissed a tax refund suit for lack of subject-matter jurisdiction, finding that the taxpayers' failure to personally sign their amended tax returns—by which they sought a refund—meant that their claims were not "duly filed" with the IRS as required by the administrative-exhaustion requirements of I.R.C. § 7422(a). *Brown*, 22 F.4th at 1010-11. On appeal, this Court reversed the lower court's jurisdictional ruling. *Id.* at 1011-12. The lower court misread *Dalm*, this Court reasoned, by assuming that the timing and

technical requirements referenced in I.R.C. § 7422(a) were themselves pre-requisites for federal subject-matter jurisdiction. *Id.* at 1011. Read correctly, this Court explained, *Dalm* merely stands for the much narrower proposition that a taxpayer has to file *some sort of timely claim* with the IRS before filing suit. *Id.* The rest of the requirements imposed by I.R.C. § 7422(a) and the regulations promulgated thereunder are "more akin to a claims-processing rule than a jurisdictional requirement." *Id.* at 1012. The Court further noted that the "jurisdictional characterization" could not be reconciled with the decision of the Supreme Court in *Lexmark International v. Static Control Components, Inc.*, 572 U.S. 118, 128 & n.4 (2014).

The *Brown* panel was prescient, as the Supreme Court's 2023 *Wilkins* decision left no doubt that most statutory requirements are not to be read as having jurisdictional effect.

This Court's 2023 decision in *Dixon* likewise cited *Brown* and *Dalm*. *Dixon*, 67 F.4th at 1161. The *Dixon* case provided a helpful summary of the key holding in *Brown*: "*Dalm*'s jurisdictional characterization applies to 'the fact of filing' in the time allowed, but not to § 7422(a)'s 'duly filed' requirements governing 'the adequacy of the filing' if timely made, and

held the latter not to be jurisdictional in nature." *Id.* (quoting *Brown*¸ 22 F.4th at 1011-12).

Dougherty Electric filed a timely claim within the two-year limitations period of I.R.C. § 6511(a) and then met the timing requirements to file a refund suit under I.R.C. § 7422. Thus, there should be no question as to "the fact of filing" in the time allowed—the last-remaining "jurisdictional" requirement under *Dalm*. Instead, the dispute here is as to "the adequacy of the filing" that was timely made. As *Dixon* and *Brown* teach, however, concerns about "the adequacy of the filing" are "not to be jurisdictional in nature." *Dixon*, 67 F.4th at 1161.[7]

Notwithstanding the weight of this precedent, the court simply quoted *Dixon* and moved on. That was reversible error.

### B. Any Additional Requirements Added by IRS Regulations Are Not Jurisdictional Either

[7] All of this assumes that *Dalm* is still good law. However, it is doubtful after *Wilkins* that the Supreme Court would read *Dalm* to require a taxpayer to *timely* file a claim with the IRS in order to confer subject-matter jurisdiction over the dispute to the federal courts. *Dixon* recognized as much, but declined to reach the question. *Id.* at 1161 & n.3.

Until recently, courts often lumped together the requirements of the Internal Revenue Code with the requirements promulgated by IRS regulations thereunder, requiring taxpayers to comply with both. The Supreme Court's recent decision in *Loper Bright Enterprises v. Raimondo*, __ U.S. __, 144 S. Ct. 2244 (2024), calls such equal treatment into question.

As relevant here, *Loper Bright* at least eliminates any argument that an IRS *regulation* could ever affect the subject-matter jurisdiction of the federal courts. After all, nothing *an agency* writes could ever be a "clear statement" *by Congress* stripping the federal courts of jurisdiction. And to the extent an agency regulation represents an interpretation of the statute under which it was promulgated, it is entitled to no deference at all. *Loper Bright*, __ U.S. at __, 144 S. Ct. at 2273.

## II. Any Alleged Deficiencies in Dougherty Electric's Informal Claim Did Not Represent a "Substantial Variance"

Long before *Brown*, *Wilkins*, *Dixon*, and *Loper Bright*, this Court had developed a series of exceptions to the supposed jurisdictional bar imposed by the filing of a defective claim for a refund, often collectively called "the substantial variance doctrine." *Computervision Corp. v. United States*, 445 F.3d 1355, 1364 (Fed. Cir. 2006). Under that doctrine,

federal courts may consider "a claim for refund despite failure to timely file detailed formal claims with the IRS when a substantial variance from the requirements of the regulation is not involved." *Id.*

As discussed above, the substantial variance doctrine is no longer necessary to save claims from any jurisdictional bar blocking the doors of the federal courthouse. Instead, federal courts are free to consider taxpayers' claims regardless.

In this regard, Dougherty Electric suggests that this Court revisit *Computervision*. This is not to say that the substantial variance doctrine has no ongoing utility. The case law thereunder may continue to provide a helpful framework for assessing whether a court improperly dismissed a complaint or awarded summary judgment based on a lack of strict compliance with some claim-processing rule. *See Harrow*, 601 U.S. at 489 ("Because we do not understand Congress to alter age-old procedural doctrines lightly, nonjurisdictional timing rules are presumptively subject to equitable tolling." (cleaned up)). But this Court should clarify that the jurisdictional gloss painted over the substantial variance doctrine in *Computervision* is no longer appropriate.

In any event, to the extent necessary, the substantial variance doctrine applies here to save Dougherty Electric's claims from any accusations of technical deficiencies.

The substantial variance doctrine subsumes four sub-doctrines: informal claim, waiver, germaneness, and general claims. *Id.* Each provides a separate basis for reversal here, and each is discussed in turn. Equitable tolling is then discussed.

### A. Dougherty Electric's Claim Was Proper Under the Informal Claim Doctrine

Under the "informal claim doctrine," a taxpayer's claim for a refund need not be submitted on a special IRS form nor include any magic words. Instead, "the failure to meet the formal requirements in regard to claims for refund is not necessarily destructive of a taxpayer's right to such refund where the Commissioner was not misled or deceived by the failure to file a formal claim." *Newton v. United States*, 163 F. Supp. 614, 618 (Ct. Cl. 1958) (internal citation omitted). All that is required is that the taxpayer *timely* file an *informal* claim, *see Furst v. United States*, 678 F.2d 147, 151 (Ct. Cl. 1982) (citing *United States v. Kales*, 314 U.S. 186 (1941)), and then *untimely* file a *formal* claim later that complies with formal IRS regulations. *Dixon*, 67 F.4th at 1162.

Critically, an informal claim need not be complete in itself, nor must the IRS treat it as valid, for the informal claim doctrine to apply. That was one of the central mistakes made by the lower court in *Dixon*. There, the court below had concluded that the doctrine only applies to informal claims that were "accepted and treated by the IRS as valid claims," citing the Supreme Court's foundational informal-claims decision in *Kales* and a single restrictive sentence found in 26 C.F.R. § 301.6402-2(b)(1). *See Dixon*, 67 F.4th at 1165.

This Court rejected that conclusion in both respects. *Id.* For one, *Kales* itself applied much more broadly:

> [The Supreme Court] has often held that a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period.

*Dixon*, 67 F.4th at 1165 (quoting *Kales*, 314 U.S. at 194). Moreover, this Court reasoned, the trial court had "attributed far too much to the regulatory sentence." *Id.* at 1166. That latter holding is, of course, all the more true after *Loper Bright*, __ U.S. at __, 144 S. Ct. at 2273.

An informal claim traditionally was comprised of three components. First, the claim must provide the Commissioner of the IRS with notice that the taxpayer is asserting a right to a refund. *Computervision*, 445 F.3d at 1365. Second, the claim must "fairly apprise[] the IRS of the basis for the claim within the limitations period." *Id.* at 1364. Finally, the claim must have some written component. *Id.* (citing *American Radiator & Standard Sanitary Corp. v. United States*, 318 F.2d 915, 920 (Ct. Cl. 1963)).

The informal claim doctrine must be liberally construed because, by definition, it necessarily involves an informal claim that is later perfected by a formal claim. Accordingly, the written submission should not "be given a crabbed or literal reading, ignoring all the surrounding circumstances which give it body and content." *American Radiator*, 318 F.2d at 920-21 (holding that an informal claim was not defective when it failed to expressly list the tax years in question). The focus is on the claim as a whole, and not merely the written component. *Id.*

Here, there is no dispute that Dougherty Electric timely submitted an informal claim on December 7, 2017. That claim contained all three

elements required for a valid informal claim. *Computervision*, 445 F.3d at 1365.

First, it provided the Commissioner of the IRS with notice that Dougherty Electric was asserting a right to a refund. *See Computervision*, 445 F.3d at 1365. The writing itself was titled "Protective Claim for Refund," and began, "The taxpayer is hereby filing a protective refund claim . . . ." Appx0038.

Second, the claim "fairly apprised the IRS of the basis for the claim within the limitations period." *Computervision*, 445 F.3d at 1365. The "Protective Claim for Refund" identified the exact date and the precise amount—to the penny—that Dougherty Electric had paid in order to seek a refund. Appx0038. The writing explained why the payment was made and why it was unlawfully collected. Appx0038. Using information it already had, including the Restitution Information Sheet and the DOJ restitution summary, the IRS could readily determine that it had collected fraud penalties outside the scope of the court-ordered criminal restitution order.

Third, the claim plainly involved a writing—the "Protective Claim for Refund" itself. *Computervision*, 445 F.3d at 1365. Thus, even under

the *Computervision* requirements, Dougherty Electric's informal claim should have been deemed sufficient.

Nevertheless, the Court below held that Dougherty Electric's December 7, 2017 filing was not a valid informal claim because it did not expressly identify the tax years in question and allegedly had other defects. Appx0005-0006. That holding misses the point. The informal claim doctrine does not contemplate a taxpayer using an informal claim as a *substitute* for a formal claim. After all, a formal claim was eventually filed. For that reason, it does not matter whether the informal claim contains every piece of information the IRS needs to process it. That's what the later-filed formal claim is for. And that's exactly what happened here. The IRS responded to Dougherty Electric's informal claim by asking it to submit its claims through the proper forms, which it did. The IRS then processed *those* formal claims.

Besides, the level of informality of Dougherty Electric's informal claim is nothing compared to some other claims that courts have accepted. In *American Radiator*, for instance, the Court of Claims found that a taxpayer's having scrawled "various notations and figures" on its income tax return was a sufficient informal claim. 318 F.2d at 920. Even

an objection noted on the back of the check paying the tax has been held to be sufficient. *Night Hawk Leasing Co. v. United States*, 18 F. Supp. 938, 941-42 (Ct. Cl. 1937); *see also Computervision*, 445 F.3d at 1365 (citing both examples favorably).

Regardless, there is no requirement that an informal claim explicitly identify the tax years in question. A collection of cases cited with approval in *Computervision,* 445 F.3d at 1364 & n.9, demonstrates as much. *See, e.g., Kaffenberger v. United States,* 314 F.3d 944, 955 (8th Cir. 2004) ("Failure to specify the year does not necessarily defeat the informal claim if other facts suffice to put the IRS on notice of the specified refund sought."); *PALA v. United States,* 234 F.3d 873, 878 (5th Cir. 2000) (the fact that the informal claim did not specify the year "is irrelevant"); *United States v. Commercial Bank of Peoria,* 874 F.2d 1165, 1171 (7th Cir. 1989) (letter failed to include the word refund or the year and stating "[a] taxpayer may rely on other documents, conversations or correspondence to fulfill his notice obligations").

This is a sensible rule. After all, in many instances, the IRS already knows the tax period in question. *See, e.g.*, *Kaffenberger*, 314 F.3d at 954 (an informal claim that did not specify the tax years was nevertheless

valid because "information held by the IRS described the refund sought with sufficient particularity to allow the IRS to investigate the claim").

That was exactly the situation here as well. The government tipped its hand in the documents attached to its motion to dismiss, showing that the IRS had sufficient information all along to process Dougherty Electric's claim. Worse still, Dougherty Electric *itself* did not have that same information. Dougherty Electric included all the information it had in its initial informal claim. A taxpayer should not be punished for failing to include information *the taxpayer* lacks but *the IRS* already has.

Any doubt about the broad reach of the informal claims doctrine was put to rest by this Court's decision in *Dixon*. There, this Court returned to the doctrine's origin—the Supreme Court's decision in *United States v. Memphis Cotton Oil Co.,* 288 U.S. 62 (1933). In that foundational decision, the Supreme Court stated that an informal claim may be amended in most, if not all, circumstances. *Id.* at 67. And this Court confirmed that the only times a plaintiff may not amend an informal claim is when the claim is no longer before the IRS or when the amendment occurs after the filing of a lawsuit. *Dixon*, 67 F.4th at 1162-63. In all other circumstances, a purportedly defective claim may be

amended by a later-filed non-defective formal claim. And here, there is no real dispute that Dougherty Electric's informal claims were followed by compliant formal claims.[8]

The two cases cited by the government below do not change that result. First, in *Johnson v. United States*, 127 Fed. Cl. 529 (2016), the plaintiff claimed he was a federal "nontaxpayer," had no obligation to comply with an IRS levy notice, and sought $61,381.19 in damages for "illegally levied" monies from his pension fund. *Id.* at 532. Among his many allegations, the plaintiff sought punitive damages and alleged that the IRS's levy actions constituted violations of the Racketeer Influenced and Corrupt Organizations Act. *Id.*

The lower court rejected his claim for lack of subject-matter jurisdiction. The court did note that the taxpayer had failed to mention the tax year in his informal claim. *Id.* But that was just *one* reason (among many) why his administrative claim was inadequate. *Id.* The

---

[8] The IRS argued below that the Forms 843 included a correct-but-outdated citation for the IRS fraud statute—I.R.C. § 6653 rather than I.R.C. § 6663—and that the formal claim referenced Form 1040 rather than the employment tax form. Appx0151. These "errors" were hardly material, however, and did not impede the IRS's ability to process the claims on their merits.

main reason for dismissal was that the plaintiff, a self-proclaimed non-taxpayer, failed to show that he had, in fact, paid taxes that could be refunded in the case at hand and, therefore, failed to comply with the full-payment rule. *Id.* at 535. In addition, the court explained that the taxpayer was required, but ultimately failed, to file an "adequate" refund claim with the IRS. *Id.* at 536. Finally, the taxpayer was trying to recoup payments in his personal capacity that actually belonged to a trust for which he was trustee. *Id.*

This Court's decision in *Stephens v. United States*, 884 F.3d 1151 (Fed. Cir. 2018), does not help the government either. There, a taxpayer sought a refund based on an amended return for tax year 1997. *Id.* at 1154. That, of course, put the IRS on notice that the taxpayer was seeking a refund for tax year 1997. *Id.* But the taxpayer could not leverage that claim to *also* seek a refund for carry-over passive-activity losses arising in 1995 and 1996. *Id.* The taxpayer had never challenged the IRS's adjustments for those tax years. *Id.* The IRS was simply not on notice that those tax years were in question at all. *Id.*

Finally, even if *Johnson* and *Stephens* had any relevance here, they are of limited help regardless because they pre-date *Brown*, *Wilkins*,

*Dixon*, and *Loper Bright*. Both decisions were issued at a time when the statutes were thought to be jurisdictional and the regulations were thought to be on par with the Code.

In sum, Dougherty Electric submitted a timely informal claim. Dougherty Electric's satisfaction of the informal claim doctrine is alone cause for reversal.

### B. Dougherty Electric's Claim Was Proper Under the Waiver Doctrine

By regulation, a valid refund claim must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof." 26 C.F.R. § 301.6402–2(b)(1). The IRS may choose to waive strict compliance with that regulation, however. *Angelus Milling Co. v. Commissioner*, 325 U.S. 293, 296–97 (1945) (the IRS can waive requirements appearing only in the regulations). And, *Loper Bright* holds that the regulation is not automatically binding and instead may be interpreted and construed by the courts.

The waiver doctrine may apply when: (1) the IRS "investigated the merits of [the refund] claim"; (2) the IRS has "taken action upon" the refund claim; and (3) the IRS's determination to "dispense with" the

formal regulatory requirements and "to examine the merits of the claim" is "unmistakable." *Angelus Milling*, 325 U.S. at 297.

There is language in *Computervision* that suggests a fourth requirement: that the taxpayer had filed a timely *formal* claim. *Computervision*, 445 F.3d at 1365 ("If the taxpayer files a timely *formal* claim but fails to include the specific claim for relief, the claim may nonetheless be considered timely if the IRS considers that specific claim within the limitations period." (emphasis added)). The *Computervision* court did not offer any support for including the word "formal" in that sentence, rendering it dicta. Besides, there is no *statutory* requirement that a claim *ever* be submitted in a "formal" fashion. At most, such a requirement comes from regulations, which the IRS can waive. *Angelus Milling*, 325 U.S. at 296–97. It would make no sense for the IRS to have the power to waive some regulatory requirements, but only if certain other regulatory requirements are met first. Either the IRS can waive regulatory requirements or it can't. And the Supreme Court already declared that it can. *Id.*

In any event, the IRS plainly waived any formal requirements here. It is "unmistakable" that the IRS in fact set aside any formal deficiencies

in Dougherty Electric's earlier informal claims, investigated its formal claims, and denied them *on their merits*. Appx0023. The IRS, therefore, necessarily waived the argument that formal defects or timeliness issues made it impossible for it to reach the merits.

### C. Dougherty Electric's Claim Was Proper Under the Germaneness Doctrine

In addition, Dougherty Electric's modified refund claims filed in April 2018 relate back to December 2017 because they were "germane" to the original refund claims filed in December 2017.

The germaneness doctrine helps taxpayers who raise new legal theories after the limitations period has passed. *Computervision*, 445 F.3d at 1370. As long as the original claim put the IRS on notice of the *facts* it needed to investigate, a taxpayer's later development of new *legal* theories relates back to the filing of the original claim. *Id.*

The court below declined to apply the germaneness doctrine on the ground that Dougherty Electric's original claim was informal, not formal. Appx0005-0006. In support, the court again quoted the *Computervision* court's description of the germaneness doctrine as involving a "formal claim" being filed within the limitations period. Appx0005-0006 (quoting *Computervision*, 445 F.3d at 1369-1370).

That conclusion is wrong in this context for the same reasons it is wrong as applied to waiver. The *Computervision* court did not *hold* that later-submitted legal theories only relate back if the original claim was formal, and not informal. It simply made a passing reference to a formal initial claim. Yet, *Memphis Cotton*—the Supreme Court case on which *Computervision* relied—itself did not appear to involve a timely formal refund claim. *Memphis Cotton Oil*, 288 U.S. at 64-65.

Besides, the IRS's and the court's insistence on rigid application of these equitable "substantial variance" doctrines directly undermines the purpose of the equitable doctrines in the first place—to overlook unimportant errors so that claims can be decided on their merits.

A different Court of Federal Claims case applied the germaneness doctrine correctly. *See Parker Hannifin Corp. v. United States*, 71 Fed. Cl. 231 (2006). In that case, the court found a claim to be valid even when only an informal claim had been timely filed, which was later amended by another (untimely) informal claim. *Id.* The taxpayer's initial claim was submitted by letter from its accountant, who then followed up with another letter amending the original claim. *Id.* The court applied the

germaneness doctrine to allow the untimely amendment of the original informal claim. *Id.*

So too here. Dougherty Electric filed a detailed, but informal claim within the limitations period and amended it a few months thereafter and then filed formal claims. As in *Parker Hannifin*, the amended informal claim relates back to the original informal claim.

### D. Dougherty Electric's Claim Was Proper Under the General Claim Doctrine

Dougherty Electric is also entitled to relief under the general claim doctrine. The general claim doctrine applies "where (1) the taxpayer has filed a formal general claim within the limitations period; and (2) an amendment is filed outside the limitations period that makes the general claim more specific." *Computervision*, 445 F.3d at 1368. The doctrine is based on practical considerations: If the IRS hasn't yet issued a final ruling on the general claim at the time the amendment is filed, then there is no prejudice to allowing the amendment. *See Memphis Cotton Oil*, 288 U.S. at 72-73.

But again, the doctrine is not limited to formal initial claims, as the court below held. It also applies to informal initial claims. A contrary rule would not make any sense. A "general claim" by definition does not

contain sufficient information. That is, it does not comply with the formal requirements of the Code and regulations. If it did, it wouldn't be "general." It would be sufficiently "specific." A "formal general claim" is a square circle. It doesn't exist.

Here, the IRS did not even respond to Dougherty Electric until after its amended claim has been filed, let alone issue a final ruling. The general claim doctrine therefore applies. "[T]he new [amended claim was] indissolubly welded into the structure of the old" original claim. *Memphis Cotton Oil*, 288 U.S. at 71. Indeed, that is exactly how the IRS treated it. It considered all of Dougherty Electric's submissions before issuing a final ruling.

The court below erred by failing to apply the general claim doctrine to allow the relation back of Dougherty Electric's later amendments.

**E. Dougherty Electric Is Entitled to Equitable Tolling**

As set forth above, the four substantial variance sub-doctrines described in *Computervision* were set forth at a time when courts believed the timing rules to be jurisdictional. After *Brown*, *Wilkins*, *Dixon*, and *Loper Bright*, that is no longer the case. *See supra* Argument § I. Now, a taxpayer should also be able to assert additional equitable

grounds why its claim should have been accepted, notwithstanding some formal or technical defect. *See Dixon*, 67 F.4th at 1022 & n.3 (declining to reach "any issue about equitable or comparable bases for excusing noncompliance that are unavailable for jurisdictional rules (but may be available for nonjurisdictional claims-processing rules" because the taxpayer hadn't raised any) (cleaned up)).

To that end, Dougherty Electric notes that the doctrine of "equitable tolling" provides an alternative, but related, basis on which to reverse the court below. *See, e.g.*, *Menominee Indian Tribe of Wisc. v. United States*, 577 U.S. 250, 255–57 (2016); *Boechler, P.C. v. Commissioner*, __ U.S. __ ,142 S. Ct. 1493 (2022) (recognizing equitable tolling as an appropriate excuse for failing to meet a nonjurisdictional IRC deadline). "To be entitled to equitable tolling, the taxpayer must establish that she pursued her rights diligently and that extraordinary circumstances prevented her from filing on time." *Stephens v. Commissioner*, T.C. Memo. 2024-40 (April 8, 2024) (citing *Menominee Indian Tribe*, 577 U.S. at 255-57).

As explained above, *see supra* Argument §§ II.A, II.C, II.D, at the time Dougherty Electric's refund claim came due, it lacked sufficient

information to explain exactly when and how the IRS had overestimated its tax liability. Dougherty Electric acted diligently, filing a timely claim with the information it *did* have. When more information became available, Dougherty Electric amended its informal claim. And when the IRS requested that formal claims be filed, Dougherty Electric promptly complied. Moreover, the IRS had in its possession all the information to respond to the informal and then formal claims. In short, Dougherty Electric acted diligently while the IRS did not.

Moreover, the circumstances that prevented Dougherty Electric from having full information within the limitations period were indeed extraordinary. The IRS already had sufficient information about the claim, including internal records that showed discrepancies as to how Mr. Dougherty's restitution payments had been treated. It would be inequitable to deny Dougherty Electric relief based on the IRS's own mistakes.

For these reasons, the deadline for Dougherty Electric to file its claim should be equitably tolled, and its claim deemed timely. *Menominee Indian Tribe*, 577 U.S. at 255-57.

## III. The Court Below Should Have Granted Dougherty Electric's Motion to Amend the Judgment to Clean Up the Docket

Dougherty Electric's motion to amend the judgment is reviewed for abuse of discretion. *Superior Fireplace Co. v. Majestic Prod. Co.*, 270 F.3d 1358, 1376 (Fed. Cir. 2001).

Here, Dougherty Electric moved to amend the judgment for the limited purpose of cleaning up the docket to reflect that its motion for leave to file sur-reply had been granted. Indeed, that underlying motion for leave *should have* been granted. Allowing a sur-reply is an appropriate remedy when a party raises a new argument in its reply brief. *Campo v. United States*, 157 Fed. Cl. 584, 593 (2021). "The standard for granting a leave to file a surreply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001).

Here, the court below ruled against Dougherty Electric's "informal claim" argument on a ground that the government did not raise until its *reply* brief in support of its motion to dismiss. In that reply, the government cited new authority for the proposition that a timely informal claim is only sufficient if it identifies the tax years for which a

refund is sought. Dougherty Electric moved for leave to respond to that new authority by way of sur-reply. Its proposed sur-reply included evidence showing that the data available to Dougherty Electric was insufficient to initially identify the years, quarters, and amounts and identified authority supporting the informal claims when the years involved were not initially identified. The court below should have considered the sur-reply because otherwise Dougherty Electric "would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis*, 154 F. Supp. 2d at 61.

The ruling of the court below denying Dougherty Electric's motion to amend the judgment should therefore be reversed.

## CONCLUSION

For the reasons set forth above, this Court should: (1) reverse the Judgment of the court below; (2) hold that the federal courts have subject-matter jurisdiction over Dougherty Electric's claims; (3) hold that Dougherty Electric's refund claim does not represent a "substantial variance" from IRS requirements; (4) reverse the court's order denying Dougherty Electric's motion to amend the judgment; and (5) remand for

the Court of Federal Claims to consider Dougherty Electric's refund claim on its merits, just as the IRS did.

Respectfully submitted this the 5th day of August, 2024.

*/s/ Ian M. Comisky*
IAN M. COMISKY
Fox Rothschild LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2795
icomisky@foxrothschild.com

*Counsel for Plaintiff-Appellant*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C), the undersigned counsel for Appellant certifies that this brief complies with the type-volume limitation of Federal Circuit Rule 32(a), because it contains 8985 words including footnotes and excluding the parts of the brief exempted by Federal Circuit Rule 32(b) and Federal Rule of Appellate Procedure 32(f). It complies with the typeface and style requirements of Federal Rules of Appellate Procedure 32(a)(5) and (6), because this document has been prepared using Microsoft Word and is set in Times New Roman font in a size equivalent to 14 points or larger.

*/s/ Ian M. Comisky*
Fox Rothschild LLP